# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CRIMINAL NO. 1:14-CR-216

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Michael Yedor, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11 (c)(1)(B) of the Federal Rules of Criminal Procedure. Michael Yedor, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Count 1.

## I. ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crimes charged in Count 1.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the

right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to Count 1**

   a. Maximum term of imprisonment: 20 years.

   b. Mandatory minimum term of imprisonment: None.

   c. Term of supervised release: Not more than 3 years.

   d. Maximum fine: $250,000.00, due and payable immediately.

   e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

   f. Mandatory special assessment: $100.00, due and payable immediately.

   g. Forfeiture of any and all proceeds from the commission of the offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV.   PLEA AGREEMENT

9. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

10.   The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

### No Additional Charges

11. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty.  The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

4

## Sentencing Guidelines Recommendations

12. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Base/Adjusted Offense Level Recommendations**

(a) The applicable offense guideline is Section 2B4.1.

(b) The amount of loss resulting from the offense(s) of conviction and all relevant conduct is more than $20,000,000 but less than $50,000,000.

**Acceptance of Responsibility**

13. The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

5

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

14. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

### Right to Modify Recommendations

15. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## Sentencing Recommendations

### Judicial Economy

16. Based on the factors set forth in 18 U.S.C. § 3553(a), the parties agree to recommend that the Defendant receive a one-level downward variance at sentencing. This variance is predicated on the Defendant's expeditiously entered plea of guilty and the resulting conservation of limited judicial and prosecutorial resources.

### Specific Sentence Recommendation

17. The Government agrees to recommend that the Defendant be sentenced in the middle of the adjusted guideline range.

### Fine--No Recommendation As To Amount

18. The Government agrees to make no specific recommendation as to the amount of the fine to be imposed on the Defendant within the applicable guideline range.

### Restitution

19. The Defendant agrees to pay $36,195,414.64 as restitution to the Clerk of Court for distribution to the following victims of the offense to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement:

Delta Air Lines                                          $ 36,195,414.64
Attn: Director – Accounts
Receivable/Accounts Payable
1030 Delta Blvd
Dept. 832
Atlanta, GA 30354

RE: Anderson Restitution

**Forfeiture**

20. The Defendant acknowledges that all proceeds from the commission of the offense in Count 1 and all property traceable thereto, including, but not limited to the following items (collectively the Subject Property), are subject to forfeiture pursuant to Title 18, United States Code, Sections 982, as incorporated by Title 28, United States Code, Section 2461(c):

    a. A personal money judgment in the amount of $ 36,195,414.64, representing the amount of the proceeds obtained from the offense of conviction;

    b. The 71.9 foot yacht *Karibella*, assigned United States Department of Homeland Security Official Number 1179901 and IMO number OSH72012K405 (the *Karibella*);

    c. The real property located at 1035 Stradella Road, Los Angeles, CA 90077, and all buildings and appurtenances thereto (Stradella Road);

d. All furnishings, fixtures, artwork, and other items inventoried at 1035 Stradella Road in Los Angeles, CA 90077, by any agent of the United States at any time between June 10 and October 20, 2014 with a value over $2,500 (Stradella's Contents);

e. All right, title and interest in Mercury Holding Group, California LLC; Mercury Holding Group, Inc.; M.A. Yedor Trust; K & M Trust; King's Road Entertainment, Inc.; Kings' Road Productions, Inc.; Blade Post, LLC; and Cortez Bay, LLC (the Business Interests);

f. All assets acquired between January 1, 2004, and the date of this Indictment in the names of K.E.Y.; Mercury Holding Group, California LLC; Mercury Holding Group, Inc., doing business as Airborne Voice & Data Communication; and North Communications Group, Inc.; including but not limited to all assets acquired using bank, credit, money market, and other financial accounts issued to said persons or entities (the Business Assets)

g. A 2008 Range Rover, VIN # SALMF15458A292681 (the Range Rover);

h. All items seized from Michael A. Yedor and his present wife by FBI agents and their representatives between June 10 and October 20, 2014 (the Personal Property);

    i. One 15 foot white sailboat, registration number DL2705AJ and 20 foot boat trailer with California license plate 4DD2231 (the Sailboat and Trailer); and

    j. One 13 foot Boston Whaler, Hull ID: BWCJ3172M84A (the Boston Whaler).

21. The Defendant further acknowledges that as a result of his acts and omission, he is also subject to forfeiture of substitute assets for proceeds of his offense of conviction (collectively the Substitute Assets) pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

22. The Defendant waives and abandons all right, title, and interest in the Subject Property and the Substitute Assets and agrees to the administrative or judicial forfeiture of it. In addition, the Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. The Defendant agrees to the administrative or judicial forfeiture or the abandonment of the Subject Property, the Substitute Assets, and all other property not referenced in this paragraph. The Defendant further states that except insofar as detailed below, he is the sole and rightful owner of the Subject Property, the Substitute Assets, and all other property seized in connection with this case; that to the best of his knowledge no other person or entity has any

interest in said property; and that he has not transferred, conveyed, or encumbered his interest in said property other than as follows:

    a. In 1035 Stradella Road, the defendant contends that Kari Yedor has a marital community property interest.

    b. In the *Karibella*, the defendant contends that Kari Yedor has a marital community property interest.

    c. In Stradella's contents and the Personal Property, the defendant contends that Kari Yedor has a marital community property interest.

    d. In the Range Rover, the defendant contends that Kari Yedor has a marital community property interest.

    e. In a men's Bulgari Diagono Chronograph watch, Bulgari ref # SC 38 S,L4146, which is among the Personal Property, the defendant contends that Judi Yedor has an interest.

23. The Defendant further acknowledges that although nominal title to the following Subject Properties is held in the name of the listed third party, he is the sole real party in interest with respect to said properties except to the extent that other parties may have an interest, as set forth in paragraph 22:

    a. Stradella Road; titled to Kari Ellis Yedor Trust;

    b. The *Karibella*; titled to Cortez Bay, LLC;

    c. The Boston Whaler; titled to Cortez Bay, LLC.

24. The Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property and the Substitute Assets, including testifying truthfully as requested by the United States in any proceeding pertaining thereto, providing and endorsing title certificates, or causing others to do the same where third parties hold nominal title on the Defendant's behalf, to a person designated by the United States. The Defendant agrees to take all steps necessary to ensure that no such property is hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture. The Defendant agrees not to file any claim, answer, or petition for remission or restitution in any administrative or judicial proceeding pertaining to the Subject Property, the Substitute Assets, or any other seized property, and if such a document has already been filed, the Defendant hereby withdraws that filing.

25. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of all property connected to this case.  The Defendant acknowledges that the United States will dispose of any seized property, and that such disposal may include, but is not limited to, the sale, release, or destruction of any seized property, including the Subject Property and the Substitute Assets.  The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, Federal Rule of Criminal Procedure 41(g) or